IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MYA SNODGRASS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:23-cv-2461-S |
| | § | |
| LEGATUS COMPANY LLC d/b/a | § | |
| CUSTOM PRO ROOFING & SOLAR, | § | |
| ALEXANDER FELIX RIGOPOULOS, | § | |
| THOMAS WHITE, and ALFRED | § | |
| ANTHONY COVARRUBIAS, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Plaintiff Mya Snodgrass has filed a Motion for Default Judgment against Defendant Alfred Anthony Covarrubias. *See* Dkt. No. 65.

United States District Judge Karen Gren Scholer referred the motion to the undersigned United States Magistrate Judge for hearing, if necessary, and determination. *See* Dkt. No. 66.

For the reasons explained below, the Court should decline to exercise supplemental jurisdiction over the remaining claims and dismiss them without prejudice. But, if the Court chooses to retain jurisdiction, it should deny the Motion for Default Judgment [Dkt. No. 65].

**Background**

Plaintiff Mya Snodgrass filed this lawsuit against Defendants Legatus Company LLC, doing business as Custom Pro Roofing & Solar ("Custom Pro");

Alexander Felix Rigopoulos; Thomas White; and Alfred Anthony Covarrubias. *See* Dkt. No. 1.

Snodgrass brought claims under the Fair Labor Standards Act of 1938 and Title VII of the Civil Rights Act of 1964 against Custom Pro; sexual assault and battery against Covarrubias; and intentional infliction of emotional distress ("IIED") against all Defendants. *See id.* She sought various categories of damages, attorneys' fees, costs of court, and all other further relief, at law or in equity, to which she may be entitled. *See id.* at 9.

The Original Complaint was served on Custom Pro, Covarrubias, and Rigopoulos in December of 2023. *See* Dkt. Nos. 6-8. It was served on White on March 13, 2024. *See* Dkt. No. 17.

On January 29, 2024, when Covarrubias had not appeared or answered the complaint, the Clerk of the Court entered default against him. *See* Dkt. No. 15.

Snodgrass then filed a First Amended Complaint on April 18, 2024. *See* Dkt. No. 19. The First Amended Complaint added a claim for fraudulent inducement against Custom Pro and White, but it did not otherwise remove or add any claims. *See id.* Custom Pro, White, and Rigopoulos answered. *See* Dkt. Nos. 20, 22 & 25.

Snodgrass moved to file a Second Amended Complaint, *see* Dkt. No. 35, but it was never filed.

After a successful mediation, *see* Dkt. Nos. 48 & 49, the Court entered agreed judgments against Custom Pro, White, and Rigopoulos, disposing of all claims against them and leaving only Snodgrass's IIED and sexual battery and assault claims

against Covarrubias, *see* Dkt. Nos. 55, 59 & 63.

On Snodgrass's request, *see* Dkt. No. 61, the Clerk made a new entry of default against Covarrubias on July 18, 2025, *see* Dkt. No. 62. And, on August 29, 2025, Snodgrass filed this motion for default judgment. *See* Dkt. No. 66.

### Legal Standards

When a defendant has "failed to plead or otherwise defend" an action, the Court may enter a default judgment if the plaintiff establishes the following prerequisites: (1) the defendant was served with the summons and complaint and default was entered; (2) the defendant is not "a minor or incompetent person"; and (3) the defendant is not in the military. FED R. CIV. P. 55(b)(2); *see also* 50 U.S.C. § 3931(a), (b) (providing "[p]rotection [for] servicemembers against default judgments").

In this circuit, there is a required three-step procedure to obtain a default judgment: (1) default by the defendant; (2) entry of default by the Clerk of the Court; and (3) entry of default judgment by the district court. *See N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996) (defining "the terms regarding defaults").

Even though the United States Court of Appeals for the Fifth Circuit favors resolving cases on their merits rather than granting default judgments, this preference is "counterbalanced by considerations of social goals, justice, and expediency, a weighing process [that] lies largely within the domain of the trial court's discretion." *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 936 (5th Cir. 1999).

In consideration of these competing preferences, the Court takes a two-part

approach in determining whether to grant entry of default judgment. *See Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (requiring a "sufficient basis in the pleadings for the judgment entered"); *see also Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998) (stating "relevant factors" in determining whether default judgment is appropriate).

First, the Court considers the following six non-exhaustive factors to decide whether default judgment is appropriate: (1) "whether the default was caused by a good faith mistake or excusable neglect"; (2) "whether there has been substantial prejudice"; (3) "the harshness of a default judgment"; (4) whether there are "material issues of fact"; (5) "whether the grounds for a default judgment are clearly established"; and (6) whether the Court would be "obliged to set aside the default on the defendant's motion." *Lindsey*, 161 F.3d at 893.

And default judgment may be appropriate where a defendant fails to follow court orders. *See McGrady v. D'Andrea Elec., Inc.*, 434 F.2d 1000, 1001 (5th Cir. 1970) (upholding a default judgment due to a defendant's "delay and failure to comply with court rules").

Next, the Court must assess the merits of the plaintiff's claims and find a "sufficient basis in the pleadings for the judgment entered.*" Nishimatsu*, 515 F.2d at 1206; *see also Escalante v. Lidge*, 34 F.4th 486, 493 (5th Cir. 2022) ("[E]ven if a defendant defaults, a court may still deny default judgment if the plaintiff has failed to state a claim on which relief can be granted." (citing *Lewis v. Lynn*, 236 F.3d 766, 767-68 (5th Cir. 2001) (per curiam))).

- 4 -

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must "contain a short and plain statement of the claim showing the pleader is entitled to relief." FED R. CIV. P. 8(a)(2).

This requirement "give[s] the defendant fair notice of what the … claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

By defaulting, the defendant is deemed to admit "the plaintiff's well-pleaded allegations of fact" and is not deemed to "admit allegations that are not well-pleaded or to admit conclusions of law." *Nishimatsu*, 515 F.2d at 1206.

The factual allegations, assumed to be true, need only "be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. So detailed allegations are not required, but "the pleading must present more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"A default judgment … establishes the defendant's liability. But it does not establish the amount of damages." *United States v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987).

So, "in the context of a default judgment, unliquidated damages normally are not awarded without an evidentiary hearing … [except] where the amount claimed is a liquidated sum or one capable of mathematical calculation." *See James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993). A sum capable of mathematical calculation is one that can be "computed with certainty by reference to the pleadings and supporting documents alone." *Id.* at 311. Thus, affidavits submitted to support a claim for

mathematically calculable damages "must be sufficiently detailed to establish necessary facts." *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979).

Two other caveats apply. "[A] 'party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default.' In fact, '[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations.'" *Lewis*, 236 F.3d at 767 (citations omitted).

And, before it may enter default judgment, "the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties." *Sys. Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 324 (5th Cir. 2001) (quoting *Williams v. Life Savings & Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986)); *see also Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999) (federal courts have independent duty to examine their own subject matter jurisdiction).

## Analysis

I.   **The Court has jurisdiction over the defaulting defendant but should decline to exercise jurisdiction over the claims.**

Deciding the motion for default judgment "begins, as it must, by examining the Court's jurisdiction." *Wattiker v. Elsenbary Enters., Inc.*, No. 3:22-cv-940-B-BN, 2023 WL 5167023, at *3 (N.D. Tex. May 19, 2023) (cleaned up; quoting *Hammerschmidt v. Garland*, 54 F.4th 282, 287 (5th Cir. 2022)), *rec. adopted*, 2023 WL 5167019 (N.D. Tex. June 13, 2023); *accord Louisiana v. U.S. Dep't of Energy*, 90 F.4th 461, 466 (5th Cir. 2024) ("Jurisdiction is always first." (citation omitted)).

### A. Personal Jurisdiction

A judgment "without personal jurisdiction is void," and a "district court has the

duty to ensure it has the power to enter a valid default judgment." *Sys. Pipe & Supply*, 242 F.3d at 324.

"[T]he Texas long-arm statute extends to the limits of federal due process." *Bulkley & Associates, L.L.C. v. Dep't of Indus. Relations, Div. of Occupational Safety & Health of the State of California*, 1 F.4th 346, 351 (5th Cir. 2021). Federal due process requires that "the suit aris[es] out of or relate[s] to the defendant[s'] contacts with" Texas. *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014).

"Federal courts may also always assume jurisdiction over a defendant in any action in which there is personal, in-state service of process." *Luv N' Care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469 n.2 (5th Cir. 2006) (citing *Burnham v. Superior Court*, 495 U.S. 604 (1990)).

Snodgrass does not allege where the events forming the basis of her claims against Covarrubias occurred. But she alleges that Covarrubias "is an individual residing in the State of Texas who was properly served." Dkt. No. 19. The record shows that Covarrubias was properly and personally served at an address in Dallas County. *See* Dkt. No. 4.

And, so, the Court has personal jurisdiction over Covarrubias. *Accord Dallas S. Mill, Inc. v. Kaolin Mushroom Farms, Inc.*, No. 3:05-cv-1890, 2006 WL 8437487, at *12 (N.D. Tex. Aug. 10, 2006).

### B. Subject-Matter Jurisdiction

Through her First Amended Complaint, Snodgrass alleges that the Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because she asserts federal causes

of action. *See* Dkt. No. 1 at 2.

Section 1331 also serves as an "independent basis of subject matter jurisdiction" that allows for supplemental jurisdiction under 28 U.S.C. § 1367 for Snodgrass's purely state-law claims against Covarrubias. *Atkins v. Propst*, No. 22-10609, 2023 WL 2658852, at *2 (5th Cir. Mar. 28, 2023) (per curiam) (citing *Arena v. Graybar Elec. Co., Inc.*, 669 F.3d 214 (5th Cir. 2012)).

But, where that basis for subject matter jurisdiction drops out, a court may choose to decline to exercise supplemental jurisdiction over the remaining state law claims. *See* 28 U.S.C. § 1367(c); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988); *Enochs v. Lampasas Cnty.*, 641 F.3d 155, 158-59 (5th Cir. 2011).

To determine whether it should "relinquish jurisdiction over pendent state law claims," a court looks to "statutory factors set forth by 28 U.S.C. § 1367(c)" – "(1) whether the state claims raise novel or complex issues of state law; (2) whether the state claims substantially predominate over the federal claims; (3) whether the federal claims have been dismissed; and (4) whether there are exceptional circumstances or other compelling reasons for declining jurisdiction" – as well as "the common law factors of judicial economy, convenience, fairness, and comity" set forth by *Carnegie-Mellon,* 484 U.S. at 350. *Enochs*, 641 F.3d at 158-59. As "no single factor is dispositive," *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008), "[t]he overall balance of the statutory factors is important," *Enochs*, 641 F.3d at 159 (citation omitted).

Here, the Court has dismissed the anchoring federal claims that established

the Court's jurisdiction under Section 1331. *See* Dkt. Nos. 55, 59 & 63. Only state-law tort claims against Covarrubias remain. The undersigned concludes that the Section 1367(c) factors weigh against exercising jurisdiction over the claims.

On the one hand, Snodgrass's state law claims are not particularly novel or complex. *See* 28 U.S.C. § 1367(c)(1). And the case has been pending in this Court for two years. In that time, the Court has entered a scheduling order, *see* Dkt. No. 28, the parties started to engage in discovery, *see, e.g.*, Dkt. No. 30, 38, and Custom Pro filed a motion for summary judgment, *see* Dkt. No. 45.

On the other hand, Covarrubias has not appeared in this lawsuit and, so, has not filed any motions or participated in discovery. And what discovery has been completed by other parties is apparently not extensive – Custom Pro's summary judgment appendix refers to two depositions, one sales agreement, and one declaration. *See* Dkt. No. 47; *see also Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 587–90 (5th Cir.1992) (holding that declining jurisdiction was proper where discovery had not been completed); *cf. Newport Ltd. v. Sears, Roebuck and Co.*, 941 F.2d 302, 308 (5th Cir.1991) (holding that retaining jurisdiction was proper where parties engaged in extensive discovery, including hundreds of thousands of pages and over 100 depositions).

The Court has not ruled on any substantive motions or otherwise assessed the merits of any claims, including Custom Pro's summary judgment motion, to which no parties responded. *Cf. Batiste v. Island Records, Inc.*, 179 F.3d 217, 227-28 (5th Cir. 1999) (holding continued exercise of jurisdiction was proper where district court

considered multiple motions to dismiss and motions for summary judgment); *Mendoza*, 532 F.3d at 346-47 (holding continued exercise of jurisdiction was proper where parties had fully briefed defendants' motion for summary judgment).

No trial date is set, as all dates were vacated after the parties mediated. *See* Dkt. No. 49; *cf. Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996) (holding that retaining jurisdiction was proper where trial date was one month away).

And, since all of the federal claims over which the Court has original jurisdiction have been dismissed, the state law claims would entirely predominate the remainder of the case. *See* 28 U.S.C. § 1367(c)(2), (3).

One adverse impact that, at one time, might have resulted from the dismissal of Snodgrass's state-law claims would be the inability to assert the claims in state court as a result of the running of the applicable statute of limitations.

But the potential statute of limitations problem has been eliminated by the provisions of 28 U.S.C. § 1367(d), which tolls the running of limitations while the pendent claims have been pending in this court and for a period of thirty days after they are dismissed, unless state law provides for a longer tolling period. *See Lewis v. Law–Yone,* 813 F. Supp. 1247, 1257 (N.D. Tex. 1993). Snodgrass will have at least thirty days from the date of dismissal to file any state claims that fall under the supplemental jurisdiction of this court and were not time-barred prior to their submission to this court in an appropriate state tribunal before state periods of limitation resume.

And Snodgrass provides no argument why the Court should exercise

supplemental jurisdiction over her state law claims. Her First Amended Complaint asserts only federal question jurisdiction under Section 1331, with no mention of supplemental jurisdiction. *See* Dkt. No. 19 at 2. And her motion for default judgment, filed after the federal claims were dismissed, does not address jurisdiction.

Faced with no persuasive reason to the contrary, the Court should follow the general rule within the Fifth Circuit and dismiss without prejudice Snodgrass's remaining state law claims, which may be reurged by her in the appropriate state court. *Accord Parker*, 972 F.2d at 585 ("Our general rule is to dismiss state claims when the federal claims to which they are pendent are dismissed.") (citation omitted); *Brookshire Bros. Holding, Inc. v. Dayco Prod., Inc.*, 554 F.3d 595, 601-02 (5th Cir. 2009) (explaining that, generally, "a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial.").

And, so, the Court should dismiss the state-law claims without prejudice under Section 1367(c).

But, if the Court, in its discretion, chooses to retain the state-law claims, the Court should deny the motion for default judgment, as explained below.

## II.    <u>The procedural requirements for default judgment have not been met.</u>

Snodgrass served Covarrubias with her Original Complaint on December 20, 2023. *See* Dkt. No. 6. She did not need to serve him with the First Amended Complaint because it asserted no new causes of action against him. *Accord PGM of Tex., LLC v. Great Glory Cares, Inc.*, No. 1:23-cv-709-RP, 2024 WL 2131485, at *2 (W.D. Tex. May 13, 2024) ("PGM would not have to serve Defendants with its

amended complaint unless that pleading asserts a new claim." (citing FED. R. CIV. P. 5(a)(2); *In re Chinese Manufactured Drywall Prods. Liab. Litig.*, 742 F.3d 576, 593-94 (5th Cir. 2014)) (cleaned up); *Williams v. Eadgear Holdings USA, Inc.*, No. SA-13-CA-125-OLG, 2013 WL 12114865, at \*1 (W.D. Tex. Aug. 2, 2013) ("To the extent plaintiff is not submitting new claims against a defendant, service of his second or third amended complaint on that defendant is unnecessary.").

The Clerk entered default against Covarrubias on July 18, 2025. *See* Dkt. No. 61.

But Snodgrass did not make any allegations or provide evidence to show that Covarrubias is not a minor or incompetent, which precludes entry of default judgment under Rule 55(b)(2). *See United States v. Kees*, No. 2:16-cv-01180, 2018 WL 4473895, at \*3 (W.D. La. Aug. 30, 2018); *see also Wells Fargo Bank NA v. Moreno*, No. 3:23-cv-738-E, 2024 WL 3762097 (N.D. Tex. July 22, 2024).

And Snodgrass has failed to show, through an affidavit or otherwise, that Covarrubias is not in the military service. S*ee GS Holistics v. OMS Inv., LLC*, No. 3:23-cv-1024-L, 2024 WL 3092445, at \*2 (N.D. Tex. June 21, 2024) (citing 50 U.S.C. § 3931(b)(4)) ("[T]he Servicemembers Civil Relief Act ('SCRA') requires a plaintiff seeking entry of a default judgment to file an affidavit 'stating whether or not the defendant is in military service and showing necessary facts to support the affidavit.' The SCRA's affidavit requirement 'may be satisfied by a statement, declaration, verification, or certificate, in writing, subscribed and certified or declared to be true under penalty of perjury.'").

And, so, if the Court retains jurisdiction over the state-law claims, it should deny the motion for default judgment.

## Recommendation

The Court should decline to exercise supplemental jurisdiction over Plaintiff Mya Snodgrass's remaining claims against Defendant Alfred Anthony Covarrubias and dismiss this lawsuit without prejudice. But, if the Court chooses to retain jurisdiction, it should deny the Motion for Default Judgment [Dkt. No. 65].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 28, 2026

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE